# IN THE COURT OF APPEALS OF IOWA

No. 20-1697
Filed November 3, 2021

IN RE THE MARRIAGE OF MARY THERESA SLOAN
AND LAWRENCE KC SLOAN

Upon the Petition of
MARY THERESA SLOAN,
     Petitioner-Appellant,

And Concerning
LAWRENCE KC SLOAN,
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Mary Sloan appeals the order denying her application to modify child custody and visitation. **AFFIRMED.**


Jacob van Cleaf of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Eric Borseth of Borseth Law Office, Altoona, for appellee.


Considered by Tabor P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

At the modification trial in this case, Lawrence Sloan summarized the status of his two teenage children under his care as follows:

> These children are excelling. They're doing fantastic. They're getting As and Bs in classes, not only classes, but accelerated classes. They're working a grade level ahead of themselves. They have zero behavioral problems. They're great kids. And changing the way that things are right now cannot guarantee that things are going to be the same or even better. Statistically, I don't know how they could get much better. I see that disrupting what they've come to know could only harm them, not help them.

The district court agreed and denied Mary Sloan's application to modify the parties' stipulated 2016 dissolution decree to place the children in her physical care with Lawrence receiving limited visitation. Mary appeals.

"Changing physical care of a child is one of the most significant modifications that can be undertaken in family law matters." *Moellers v. Sindelar*, No. 14-1361, 2015 WL 1546464, at *1 (Iowa Ct. App. Apr. 8, 2015). The parent requesting the modification bears a heavy burden of establishing by a preponderance of the evidence that there has been a material and substantial change in circumstances that was not contemplated when the decree was entered. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). The change must be "more or less permanent, not temporary," and relate to the children's welfare. *Id.* The parent seeking physical care must also "prove an ability to minister more effectively to the children's well being." *Id.*

Ultimately, the children's best interest is the controlling consideration. *Id.* "[T]he best interest of children is promoted by stability and continuity." *In re Marriage of Hansen*, 733 N.W.2d 683, 691 (Iowa 2007). To promote that stability

and continuity, "our courts have concluded that 'once custody of children has been determined, it should be disturbed only for the most cogent reasons.'" *Moellers*, 2015 WL 1546464, at *1 (citation omitted). Mary contends those reasons include the following substantial changes in circumstances that, either individually or collectively, warrant modification: (1) the improvement of her financial situation, (2) her discharge from mental-health treatment, and (3) Lawrence's use of alcohol.[1] On our de novo review of the record, *see In re Marriage of Brown*, 778 N.W.2d 47, 50 (Iowa Ct. App. 2009), we do not find these circumstances meet Mary's burden.

The evidence undoubtedly shows an improvement to Mary's financial situation. But there is little evidence by which to determine the current state of her mental health, which was a serious concern when the stipulated dissolution decree was entered into. And despite Mary's claim of a change based on Lawrence's drinking, she testified this was a concern when she filed for divorce and then later agreed to place the children in Lawrence's care. Mary did not offer any credible evidence to show that since the dissolution, Lawrence drank to excess or that his drinking affected the children's well-being. *Cf. In re Marriage of Pals*, No. 11-0177, 2011 WL 4578461, at *2-3 (Iowa Ct. App. Oct. 5, 2011) (finding mother's relapse on alcohol was a substantial change in circumstances where the evidence, including testimony from the children, showed the children were adversely affected

---

[1] Mary argues that in looking at the asserted changes in circumstances, we are limited to the facts in the stipulation because no dissolution trial took place. The record, however, shows that the stipulation was reached on the third day of the dissolution trial after multiple exhibits were admitted. The modification court took judicial notice of those exhibits. We therefore reject this argument.

by the mother's drinking). On the record before us, we agree that Mary failed to show a substantial change in circumstances has occurred since entry of the dissolution decree that has impacted the welfare of the children.

Mary also failed to satisfy her burden of showing she can provide superior care. The record indicates that the children are doing well in Lawrence's care. Mary testified they are gifted students, well-adjusted, and well-behaved at school and at home. She complains, however, that Lawrence limits the children's education by failing to "encourage them to do more, to strive," because he is "fine with them just doing just enough to get by and get their As." She also complains that Lawrence provides the children with clothing she deems inadequate or inappropriate, which she documented in photographs taken in 2017 or 2018. Her complaints are minor, at best. The evidence simply weighs against modification. Lawrence said it best in testifying that "[t]hese are not children that are suffering, these are not children that have any problems, they don't suffer any health issues, any mental issues. They're just—they're doing good. I don't know why anybody would want to change that." We agree and affirm the denial of Mary's application to modify physical care.

We next turn to Mary's request to modify visitation. The burden to modify visitation is less demanding than the burden to modify custody. *See Brown*, 778 N.W.2d at 51. In order to modify visitation, Mary must show "that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children." *Id.* at 51-52 (emphasis and citation omitted).

Mary did not specify, either in district court or here on appeal, what change in visitation she is seeking or how changing a schedule that has been in place for five years would be in the children's best interest. Instead, she simply asserts that the same changes in circumstances she identified to modify physical care are sufficient to modify visitation. Even with the less demanding burden on this issue, we disagree.

The dissolution decree provides Mary with visitation on alternating weekends from Friday afternoon until Monday morning, plus overnight visitation every Wednesday. Lawrence has also allowed Mary extra time with the children when she asks. The current visitation schedule, under which the children are doing well, maximizes their contact with both parents. *See In re Marriage of Salmon*, 519 N.W.2d 94, 96 (Iowa Ct. App. 1994) (noting "the prevailing principle that the best interests of children are ordinarily fostered by a continuing association with the noncustodial parent"). We therefore affirm the denial of Mary's application to modify it.

**AFFIRMED.**